UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-cr-00301-1 |
| v. | ) | |
| | ) | Judge Trauger |
| MICHAEL HASSLER | ) | |

PLEA AGREEMENT

The United States of America, through Mark H. Wildasin, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Robert E. McGuire, and defendant, Michael Hassler through defendant's counsel, Ben Russ, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

Charges in This Case

1.  Defendant acknowledges that he has been charged in the information in this case with making a false entry on an official document with the intent to obstruct a federal investigation in violation of Title 18, United States Code Section 1519, and making false entries regarding the disposition of firearms in violation of Title 18, United States Code Sections 922(m) and 924.

2.  Defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

Charges to Which Defendant is Pleading Guilty

3.  By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts 1 and 2 of the information, charging him with making false entries on an official document and making false entries regarding the disposition of firearms.

Penalties

4.     The parties understand and agree that the offenses to which defendant will enter a plea of guilty carry the following maximum penalties: as to Count 1, a maximum term of 20 years' imprisonment, a maximum fine of $250,000, a maximum term of three years of supervised release, and a $100 special assessment. As to Count 2, there is a maximum term of one day less than one year imprisonment, a maximum fine of $100,000, a maximum term of one year of supervised release, and a $100 special assessment.

Acknowledgements and Waivers Regarding Plea of Guilty

Nature of Plea Agreement

5.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:22-CR-00301.

6.     Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

   a.     If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

   b.     If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent;

that the government bears the burden of proving defendant guilty of the charge(s) beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

    c.    If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

    d.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e.    At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7.    Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

Factual Basis

8.    Defendant will plead guilty because he is in fact guilty of the charges contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Beginning in 2016, officers with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) did a compliance inspection on Franklin Gun Shop, a Federal Firearms Licensee (FFL) in Williamson County which is in the Middle District of Tennessee. Franklin Gun Shop is owned by and operated by the three Hassler brothers, Alan, Brian, and Michael. The 2016 inspection showed numerous violations of applicable federal regulations regarding record keeping. In March 2020, a follow up inspection was done, and ATF personnel determined that hundreds of firearms (out of the 10,000 in inventory) were unaccounted for in Franklin Gun Shop's internal records. By that point, a federal investigation was underway and was being conducted by ATF, an agency of the United States, regarding a matter under their jurisdiction. Over the following year – from March 2020 to July 2021 – hundreds of the previously unaccounted for firearms were located within the business. However, by July of 2021, there were still approximately 144 firearms that could not be located.

On July 12, 2021, the Hasslers provided documentation to ATF containing what they described as records regarding the firearms that were still unaccounted for. What they provided to ATF, however, were later determined to be fraudulently doctored Form 4473s. Essentially, the Hasslers took a completed, legitimate 4473 form that had been used by a prior customer to make a firearm purchase and added one or more of the "missing" guns to that 4473 as if it had been purchased at the same time. In the fall of 2021, ATF interviewed no less than eight Franklin Gun Shop customers who had these "multiple" gun sales attributed to them on the Form 4473 provided by the Hasslers. These customers were able to provide original receipts from their original transactions with Franklin Gun Shop which did not show all the firearm purchases attributed to them by the Hasslers. Those customers reported that they had not purchased the firearms attributed to them on the 4473 form and proved that fact with the receipts they had for the firearms they

purchased. Another dozen or so customers were interviewed and claimed that they also had not bought the firearms attributed to them on the 4473 forms provided by the Hasslers to ATF but they did not have their original receipts.

Defendant agrees that he and his brothers created these fabricated Form 4473s with the intent to obstruct the federal investigation into their disposition of firearms. Defendant agrees that he and his brothers made false entries in records relating to the disposition of firearms.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2021.

10. The parties acknowledge that the presentence investigation report will contain a recommended offense level and criminal history calculations under the Guidelines and that the court must perform guideline calculation as part of the sentencing process. However, since this agreement is a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the sentence agreed to herein is an appropriate sentence regardless of the guideline calculation.

## Agreements Relating to Sentencing

5

11. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment of 3 months of home detention and 2 years of supervised release. Other than the agreed terms of punishment, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed terms of punishment set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed terms of punishment, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

12. The Government acknowledges that defendant and Franklin Gun LLC are completing an audit conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have surrendered their Federal Firearms License. As part of this audit, defendant and Franklin Gun LLC anticipate a reconciling of their inventory by the ATF. The Government agrees that, if the Court accepts this plea agreement, there will be no new or additional prosecution of defendant and/or Franklin Gun LLC for any information uncovered by ATF during the completion of the audit and the license surrender process.

<u>Presentence Investigation Report/Post-Sentence Supervision</u>

13. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

6

Case 3:22-cr-00301   Document 27   Filed 11/22/22   Page 6 of 11 PageID #: 78

14. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

15. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

### Entry of Guilty Plea

16. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

### Waiver of Appellate Rights

17. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence which includes 3 months of home detention and 2 years supervised release. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence which includes three months home confinement and 2 years of supervised release.

## Other Terms

18. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office. Defendant further agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and submitted to the Treasury Offset Programs so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

19. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

20. Defendant understands that the information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

21. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

22. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

23. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

24. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea

Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 11-22-22

_____
MICHAEL HASSLER
Defendant

25. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 11/22/22

_____
BEN RUSS
Attorney for Defendant

                                      Respectfully submitted,

                                      MARK H. WILDASIN
                                      United States Attorney

                                      By: _____
                                      ROBERT E. MCGUIRE
                                      Assistant U.S. Attorney

                                      _____ w/permission
                                      BRENT A. HANNAFAN
                                      Criminal Chief

11

Case 3:22-cr-00301   Document 27   Filed 11/22/22   Page 11 of 11 PageID #: 83